MICHAEL F. MURPHY AND RUTH L. MURPHY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Murphy v. Commissioner
Docket No. 22997-81
United States Tax Court
T.C. Memo 1982-634; 1982 Tax Ct. Memo LEXIS 111; 45 T.C.M. (CCH) 1; T.C.M. (RIA) 82634; November 1, 1982. Michael F. Murphy, pro se. James Gehres, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *112 OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1977 in the amount of $686. The issue is whether petitioner Michael F. Murphy is entitled to deduct as educational expenses under section 162 certain payments for flight-training expenses for which he received nontaxable reimbursement from the Veterans' Administration. FINDINGS OF FACT Some of the facts were stipulated and they are found accordingly. Petitioners resided in Denver, Colorado at the time they filed the petition herein. Petitioner Michael F. Murphy was a captain in the United States Air Force until about September 1, 1977. During the year 1977 he was stationed at the North American Air Defense Command Headquarters at Colorado Springs, Colorado. His primary duty was to serve as a pilot with the Air Force with the title of flight examiner. From August 24, 1976 to September 20, 1976 petitioner was enrolled in flight engineer rating training at the United Airlines Flight Training Center at Denver, Colorado. The total cost of this training was $4,843.50. Petitioner made payments of $484.35 on August 24, 1976, $401.02 *113 on November 12, 1976 [3] and $3,958.13 on June 8, 1977. As a result of his military service petitioner was eligible for veterans' benefit payments pursuant to 38 U.S.C. sec. 1677 (1976). Pursuant to said statute petitioner received $4,359.15 (90 percent of the total cost of the flight training) in the year 1977. Petitioner claimed a deduction on his 1977 income tax return for flight training expenses incurred in 1977 in the amount of $3,958.13. Respondent disallowed the deduction in full. OPINION In Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir. Sept. 20, 1982), which also involved the deductibility of reimbursed flight-training costs, this Court held that section 265 bars the deduction of such reimbursed expenses. Section 265 provides that no deduction shall be allowed for any amount, otherwise allowable as a deduction, which is "allocable to" a class of income exempt from tax. We found in the Manocchio case that the VA reimbursements of flight-training costs qualified *114 as a class of exempt income and that, in view of the fundamental nexus between the reimbursement and the expense, such expense was "allocable to" the exempt income within the meaning of the statute. Upon review of the legislative background of section 265 and the pertinent veterans statutes (38 U.S.C. sec. 3101(a) and sec. 1677) this Court stated in the Manocchio case (page 997): In short, there is nothing in the legislative history of the relevant veterans' provisions to suggest that Congress intended for a veteran to have both an exemption and a tax deduction where his reimbursed flight-training expenses otherwise qualify as deductible business-related education. On the other hand, the legislative purpose behind section 265 is abundantly clear: Congress sought to prevent taxpayers from reaping a double tax benefit by using expenses attributable to tax-exempt income to offset other sources of taxable income. This is precisely what petitioner is attempting to do here, and in our judgment, the application of section 265(1) to disallow the reimbursed portion of the flight-training expense deduction is both reasonable and equitable. In Rev. Rul. 80-173, 1980-2 C.B. 60, *115 which modified Rev. Rul. 62-213, 1962-2 C.B. 59, the respondent announced that flight-training expenses for which the veteran is reimbursed under 38 U.S.C. 1677 are not deductible. [4] We concluded in the Manocchio case that the different treatment accorded veterans' payments under 38 U.S.C. 1677 from the benefits under 38 U.S.C. 1681 was not tantamount to an abuse of respondent's discretion. In reaching this conclusion the Court emphasized the fundamental differences in the way the benefits under these two sections were computed. *116 We must conclude on this record that petitioner is not entitled to a deduction in the year 1977 for the reimbursed flight-training expenses. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. The year 1976 is not before the Court, and consequently we do not know whether a deduction for the 1976 payments was claimed and allowed.↩
4. The 1962 ruling had announced that expenses incurred by veterans for education, which were properly deductible, were not required to be reduced by nontaxable VA reimbursement payments received by the veterans. The 1980 ruling (which did not revoke the 1962 ruling) was limited to reimbursement payments made to veterans under 38 U.S.C. 1677 and distinguished the subsistence and educational allowance payments made to veterans under 38 U.S.C. sec. 1681 (1976). This latter category of payments, which were deemed to be "in the nature of a living stipend determined without regard to amounts expended", was left under Rev. Rul 62-213↩.